UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20207-CR-ALTONAGA/DAMIAN

UNITED STATES OF AMERICA,

v.

KENYATTA AYAH SEARS,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    THIS CAUSE is before the Court following an Order of Reference from the Honorable Cecilia M. Altonaga, Chief United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant Kenyatta Ayah Sears ("Defendant") [ECF No. 54]. Based upon the change of plea hearing conducted on September 15, 2023, the undersigned makes the following findings and recommends that the guilty plea be accepted.

    1.    The undersigned advised Defendant of her right to have these proceedings conducted by Judge Altonaga, the District Judge assigned to the case, and that the undersigned was conducting the change of plea hearing pursuant to an Order of Reference from Judge Altonaga. I further advised Defendant that Judge Altonaga would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that she did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Altonaga. Defendant, who stated that she had discussed her right to have the hearing conducted by the District Judge with her attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2. Defendant was placed under oath and appeared before the undersigned personally in open court. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

3. Defendant was advised of her rights as set forth in Federal Rule of Criminal Procedure 11(b)(1)(B)–(E), and she acknowledged that she understood those rights, discussed them with her counsel, and was knowingly and voluntarily waiving them.

4. Defendant indicated she was knowingly and voluntarily pleading guilty to Count 1 of the Superseding Indictment filed in this case, which charges her with Conspiracy to Commit Hobbs Act Extortion Under Color of Official Right, in violation of Title 18, United States Code, Section 1951. [ECF No. 15]. I advised Defendant the maximum penalty the Court may impose, pursuant to Title 18, United States Code, Section 1951(a), is a term of up to twenty (20) years' imprisonment, followed by a term of supervised release of up to five (5) years. I further advised Defendant that, in addition to any term of imprisonment and supervised release, the Court may impose a fine of up to $250,000, and the Court will assess a mandatory special assessment of $100.00, which is due at the time of sentencing. Defendant acknowledged that she understands the possible penalties the Court may impose, including the maximum penalties, in addition to forfeiture.

5. Defendant also acknowledged that she understands the Sentencing Guidelines and that she has discussed with her attorney the applicable guidelines range, as well as applicable departures.

6. Defendant stated that her decision to plead guilty is voluntary and not the result of force, threats, or promises.

7. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. [ECF No. 64]. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant and her counsel agreed that the facts proffered by the Government satisfy all elements of the crime charged, and Defendant and her counsel agreed the Government had provided evidence in discovery that supports the facts proffered by the Government.

8. The parties entered into a written plea agreement that was thereafter filed with the Court. [ECF No. 65]. The plea agreement includes certain terms agreed by the parties.

9. I reviewed the terms of the written plea agreement on the record, including the following: Defendant will plead guilty to Count 1 of the Superseding Indictment; the parties agree to a two or three level reduction to Defendant's base offense level under Section 3E1.1 of the Sentencing Guidelines based on acceptance of responsibility as well as a sentence at the low end of the guidelines range, as that range is determined by the District Judge, as long as Defendant complies with the obligations set forth in the plea agreement. There were no other agreements regarding application of the Sentencing Guidelines or other enhancements or reductions that may be raised at the time of sentencing.

10. Defendant acknowledged that she is satisfied with her attorney and that she has had a full opportunity to discuss all facets of her case with her attorney.

11. Defendant further acknowledged that she understands that in the event the District Judge does not accept the parties' recommendations or sentences her to terms that are greater than she anticipated, that will not be grounds for withdrawal of her guilty plea.

12. Defendant acknowledged that she agrees to forfeit to the United States property constituting or derived from proceeds of the crime to which she is pleading guilty, as

further set forth in paragraph 8 of the plea agreement, including forfeiture of substitute property. The attorney for the United States indicated that to date, the United States has not identified assets for forfeiture and, therefore, has not yet sought forfeiture. Defendant acknowledged that she has agreed to cooperate with the Government in the event the United States identifies and seeks the forfeiture of assets.

13. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charge and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

14. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered her guilty plea to Count 1 of the Superseding Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offense as charged.

15. A pre-sentence investigation report will be prepared for the District Court by the United States Probation Office. The sentencing date has been set by separate order.

The parties will have five (5) calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to

challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 20th day of September, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Cecilia M. Altonaga, *Chief U.S. District Judge*
Counsel of Record